UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SALVADOR RICO-RIVAS,<br><br>Petitioner,<br><br>v.<br><br>NETHANJAH BREITENBACH, *et al.*,<br><br>Respondents. | Case No. 3:23-cv-00288-MMD-CLB<br><br>ORDER |

In Salvador Rico-Rivas's 28 U.S.C. § 2254 Habeas Corpus Petition he challenges his murder conviction, arguing that his trial counsel was ineffective in several ways. (ECF No. 15.) Respondents move to dismiss the Petition as unexhausted. (ECF No. 34 ("Motion").) Because Rico-Rivas may be able to demonstrate cause and prejudice for any procedural default under *Martinez v. Ryan*,[1] the Court defers a decision on procedural default of unexhausted claims to the merits' decision. The Motion is therefore denied.

**I.    BACKGROUND**

In October 2013, in Second Judicial District Court (Washoe County), Nevada, a jury convicted Rico-Rivas of first-degree murder. (Exh. 66, ECF No. 28-16.)[2] Rico-Rivas was found guilty of stabbing his wife over 20 times in the early hours of Christmas Day 2011. (Exh. 55, ECF No. 33-5.) The state district court sentenced Rico-Rivas to 20 years to life in prison. (Exh. 71, ECF No. 33-21.) Judgment of conviction was entered on January 16, 2014. (Pet. Exh. 2, ECF No. 16-2.) The Nevada Supreme Court affirmed Rico-Riva's conviction in June 2015 and affirmed the denial of his state postconviction petition in May 2023. (Pet. Exh. 7, ECF No. 16-7; Pet. Exh. 19, ECF No. 16-19.)

---

[1]566 U.S. 1 (2012).

[2]Exhibits referenced in this order are exhibits to Respondents' Motion, and are found at ECF Nos. 25, 27, 29, 30-33, 36. Petitioner's exhibits ("Pet. Exh.") in support of the Petition are found at ECF No. 16.

Rico-Rivas dispatched his federal habeas petition for mailing in June 2023. (ECF No. 8.) The Court granted his Motion for Appointment of Counsel (ECF No. 7), and he filed an Amended Petition through counsel raising seven claims that his trial counsel was ineffective in violation of his Sixth and Fourteenth Amendment rights. (ECF No. 15.) He alleges:

> Ground One: Trial counsel relied on the wrong legal standard when he attempted to withdraw as counsel of record.
>
> Ground Two: Trial counsel failed to present key evidence in support of his defense theory of self-defense.
>
> Ground Three: Trial counsel failed to present a valid defense because he presented an incoherent theory of self-defense unsupported by facts in evidence.
>
> Ground Four: Trial counsel failed to challenge the felony murder charge on the basis that the killing did not happen in perpetration of a burglary.
>
> Ground Five: Trial counsel failed to challenge the entry underlying the State's burglary theory.
>
> Ground Six: Trial counsel failed to ask for a limiting instruction clarifying that the Temporary Protection Order ("TPO") violation was not an element of the charged offense.
>
> Ground Seven: Trial counsel failed to object to the weapon enhancement or the TPO violation enhancement as unconstitutional under the Double Jeopardy Clause.

(ECF No. 15 at 13-41.)

Respondents now move to dismiss the Petition. (ECF No. 34.)[3] They argue that part of Ground Two is unexhausted and that all other grounds are completely unexhausted. Rico-Rivas first argues that Ground Two is entirely exhausted. (ECF No. 41 at 2-4.) He also acknowledges that Grounds One and Three through Seven are unexhausted and argues that he can overcome the procedural default of those claims under *Martinez v. Ryan*. 566 U.S. 1 (*Id*. at 4-15.)

///

///

---

[3]Rico-Rivas opposed, and Respondents replied. (ECF No. 41, 42.)

## II. MOTION TO DISMISS

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *See Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

Respondents argue that part of Ground Two, which is the claim that Rico-Rivas's trial counsel was ineffective for failing to present key evidence in support of his self-defense theory, is unexhausted. (ECF No. 34 at 6, ECF No. 15 at 17-21.) They acknowledge that Rico-Rivas exhausted the claims that counsel failed to call Rico-Rivas as a witness and failed to present his medical records. But they assert that the claim that counsel failed to introduce evidence that the victim committed a prior assault and battery through Rico-Rivas's testimony was not presented to the state appellate court.

Rico-Rivas argued in his appeal of the denial of his state postconviction petition that trial counsel was ineffective in several specific ways, including failing to present his medical records and failng to have Rico-Rivas testify regarding what happened the night of the stabbing. (Pet. Exh. 16 at 55-57, 60, ECF No. 16-16.) While Rico-Rivas argues here that evidence of the victim's prior assault and battery would have supported his self-defense theory, the Court concludes that this claim presents different operative facts than the claim raised in state court and fundamentally alters the claim. This portion of Ground Two is, therefore, unexhausted.

Rico-Rivas acknowledges that, with the exception of part of Ground Two as discussed above, all of the claims he raises are unexhausted and that they now are technically exhausted because the state courts would find them procedurally barred if he returned to present them to state court. *See Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011) ("[I]f a claim is unexhausted but state procedural rules would now bar consideration of the claim, it is technically exhausted but will be procedurally defaulted unless the petitioner can show cause and prejudice."); *see also Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Rico Rivas argues that he can demonstrate cause and prejudice to overcome the procedural bars. (ECF No. 41 at 6-15.) Respondents dispute that Rico-Rivas's postconviction counsel performed deficiently and that he was prejudiced under *Strickland v. Washington*, 466 U.S. 668 (1984). Respondents also dispute that the claims are substantial under *Martinez*. (ECF No. 42 at 3-4.)

The parties now agree that because the question of procedural default is intertwined with the underlying merits of the claims, full merits briefing may assist the Court with its determinations, and bests serves judicial efficiency. Therefore, the Court defers a decision on whether the claims are procedurally defaulted from federal review to the merits adjudication.

///

///

### III. MOTION TO SEAL

Respondents have also filed a motion for leave to file an exhibit under seal. (ECF No. 24.) A presumption favors public access to judicial filings and documents. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). A party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). In general, "compelling reasons" exist where the records may be used for improper purposes. *Id*. at 1179 (citing *Nixon*, 435 U.S. at 598). Here, Respondents ask to file Rico-Rivas's presentence investigation report ("PSI") under seal because it is confidential under state law and was sealed in state court. (ECF No. 24.) The Court has reviewed the PSI and concludes that Respondents have demonstrated compelling reasons to file the PSI under seal. Accordingly, the Court grants the motion for leave to file under seal, and the PSI will remain under seal.

### IV. CONCLUSION

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 34) is denied.

It is further ordered that a decision as to whether part of Ground Two as well as Grounds One and Three through Seven should be dismissed as procedurally barred is deferred to the merits adjudication.

It is further ordered that Respondents have 60 days from the date this order is entered within which to file an answer to the remaining grounds in the Amended Petition.

It is further ordered that Rico-Rivas has 45 days following service of Respondents' answer in which to file a reply.

It is further ordered that Respondents' Motion for Leave to File Exhibit Under Seal (ECF No. 24) is granted. The exhibit will remain under seal.

DATED THIS 26th Day of August 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

5